## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### COVINGTON DIVISION

IN RE:

LARRY W. ARRASMITH

DEBTOR

CHAPTER 12

CASE NO. 11-22783

### ORDER CONFIRMING AMENDED CHAPTER 12 PLAN
### Filed 7/9/2012 [doc# 83, as further amended by doc# 85]

This case having come before the court regarding confirmation of the Debtor's chapter 12 plan (the "Plan"), as amended by the terms of this Order Confirming Amended Chapter 12 Plan (this "Confirmation Order"), and the Court having reviewed the record and being sufficiently advised of the following that:

(1)    The Plan complies with the provisions of Chapter 12 of the Bankruptcy Code and with other applicable provisions of Title 11;

(2)    The Plan was proposed in good faith and not by any means forbidden by law;

(3)    The value, as of the effective date of the Plan, of the property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid if the Debtor's Estate were liquidated under Chapter 7 of the Bankruptcy Code on such date;

(4)    The provisions with respect to each allowed secured claim provided for in the Plan complies with the provisions of 11 U.S.C. §1225(a)(5);

(5)    The 11 U.S.C. § 1225(a)(4) liquidation test will require no less than $33,500 to be distributed to unsecured creditors; and

(6)    The Debtor will be able to make all payments under the Plan and to comply with the Plan.

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED, as follows:

1.  The Debtor's Amended Chapter 12 Plan [doc# 82] filed July 3, 2012, as subsequently amended on July 13, 2012 [doc# 85] and by the terms of this Confirmation Order is CONFIRMED;

2.  The total funds due and payable to the Trustee under the Plan are:

(a) the net sale proceeds from the sale of a barn and acreage in Nepton, Kentucky.  The gross sale price is $20,000.  All sums after payment of cost of sales and liens of record shall be payable to the Trustee; *plus*

(b) Periodic payments as set forth below, said total to include the quarterly, semi-annual and annual payments as follows:

(i) twelve (12) quarterly payments of $5,332.05 each due on October 1, 2012 and continuing quarterly thereafter; *plus*

(ii) two (2) semi-annual payments of $61,962.37 each due on or before October 1, 2012 and March 1, 2013 respectively; *plus*

(iii) two (2) annual payments of $123,924.72 each due on or before March 1, 2014 and March 1, 2015 respectively; *plus*

(c) Sufficient sums to pay fees awarded counsel for the Debtor, said sum presently estimated at $25,000; *plus*

(d) $33,500 representing the non-exempt equity in the Debtor's retained assets to be distributed pursuant to 11 U.S.C. § 726; *plus*

(e) Thirty (30%) percent of the annual Net Cash Flow of the Debtor and all his business entities exceeding the sum as calculated and defined below.  The business entities include, but are not limited to USA-KY, LLC and Larry Arrasmith, Inc.  This provision shall apply to each calendar tax year for 2012, 2013 and 2014:

(i) $48,000 (estimated living expenses of the Debtor), *plus*

*(ii)* the adjusted gross income as set forth on the Debtor's federal tax return, *plus*

(iii) depreciation claimed on the Debtor's federal tax return, and the tax returns of all business entities of the Debtor, including but are not limited to USA-KY, LLC and Larry Arrasmith, Inc., *less*

(iv) court approved purchases of capital equipment or other capital expenditures, *less*

(v) $145,013.24 for the quarterly, semi-annual and annual payments due the Trustee under the plan as referenced in paragraph 2(b) above, *less*

(vi) fees paid counsel for the Debtor in the respective calendar year; *less*

(vii) federal, state and local income and/or payroll taxes paid or due and payable for tax years 2012, 2013 and 2014 respectively.

(f) All sums paid to the Trustee under paragraph no. 2(e) exceeding $33,500 are in addition to the Plan payments set forth in paragraphs 2(a) through 2(d) above, and shall not alter or reduce the periodic payments due under the Plan, nor shall the duration of the Plan be shortened, except to the extent said proceeds shall result in payment in full to all creditors and administrative costs.

3.    The Plan as confirmed is deemed to incorporate by reference all pre-confirmation orders affecting the treatment of claims and liens and this Confirmation Order, and that to the extent of any inconsistency between the Plan and any order, including this Confirmation Order, the terms of the order are deemed to control;

4.    Pursuant to 11 U.S.C. § 326(b), the chapter 12 trustee shall be allowed a commission of five (5%) on the disbursement of all payments made under the Plan.  Said commission shall be paid to the trustee at the time of disbursement of any payment(s);

5.    Any funds received prior to the subsequent dismissal and/or conversion of this case to another chapter under the Bankruptcy Code shall be deemed property of the chapter 12 estate and disbursed by the Trustee pursuant to the terms of the confirmed Plan and this Confirmation Order.  The chapter 12 trustee is authorized to make said disbursements after the date of conversion and/or dismissal of the case;

6.    The Trustee shall serve copies of this Confirmation Order on the parties named below; and

7.    It is further ordered the Trustee shall disburse funds to creditors as same become available as set forth below:

**Attorney Fees:** Unless otherwise provided for by separate order, any attorney's fee allowed by court order shall be paid through the Plan. Creditors entitled to receive adequate protection payments shall receive those payments first from funds on hand, with any remaining funds payable to counsel for the Debtor(s) until such fees are paid in full.

**Secured Creditors Paid Directly by Debtor or Third Parties.**  The following secured creditors shall be paid directly by the Debtor by making payments directly to the Creditor according to the underlying contract.  Any allowed claim for prepetition arrearages shall be paid through the Plan without interest in equal periodic payments as set forth below, until the prepetition arrearage has been paid in full.  To the extent there are insufficient funds to make the full periodic payment when due, the trustee shall make pro-rata payments to the extent possible.

| Creditor | Claim No. | Pre-petition Arrearages | Payment Amount | Frequency |
|---|---|---|---|---|
| NONE | | | | |

**Secured Creditors with Fixed Payments:**  The following secured creditors shall be paid the periodic payments set forth below on the date said payments are due, or as soon thereafter as good monies are available.  Each of the following secured claims shall be paid through the Plan in equal periodic payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.  To the extent there are insufficient funds to make the full periodic payment when due, the trustee shall make pro-rata

3

payments to the extent possible.  All Objections to the Chapter 12 Plan filed herein shall be deemed withdrawn.

| Creditor | Claim No. | Claim Amount | Secured Values | Interest Rate | Payment Amount | Due Date |
|---|---|---|---|---|---|---|
| AGCO Finance, LLC | 2 | $89,148.53 | $89,148.53 | 5.00% | $5,065.45 | Quarterly beginning 10/1/2012 |
| Bank of Maysville | 14 | $244,623.48 | $244,623.48 | 5.00% | $12,814.26 $12,814.26 $25,628.51 $25,628.51 | 10/01/2012 3/01/2013 3/01/2014 3/01/2015 |
| Peoples Bank of Kentucky | 15 | $1,209,144.12 As of 8/15/2012 | $1,209,144.12 | 5.00% | $39,341.70 $39,341.70 $78,683.39 $78,683.39 | 10/01/2012 3/01/2013 3/01/2014 3/01/2015 |
| Louis Bramel* | Not Filed | $232,000.00 estimated | $232,000.00 | 4.00% | $6,708.29 $6,708.29 $13,416.58 $13,416.58 | 10/01/2012 3/01/2013 3/01/2014 3/01/2015 |

**\*Claim has not been filed and Trustee will not make disbursements until such claim is filed.**

Treatment of secured claim of Peoples Bank of Kentucky, Inc. ("Peoples Bank") – the Debtor shall make annual payments on the total amount of secured indebtedness owed to Peoples Bank in the amount of $1,209,144.12, which is an allowed fully secured claim, at an annual interest rate of 5%.  The annual payment shall be amortized over thirty (30) years; however, the secured debt owed to Peoples Bank shall fully mature on March 1, 2017.  The Debtor shall divide the first annual payment, with the first semiannual payment in the amount of $39,341.70 being due on October 1, 2012 and the second semiannual payment in the amount of $39,341.70 being due on March 1, 2013.  Thereafter, the Debtor shall make annual payments, each in the amount of $78,683.39, on March 1, 2014, March 1, 2015, and March 1, 2016.  The Debtor shall make the payments that are due on October 1, 2012, March 1, 2013, March 1, 2014, and March 1, 2015 to the Trustee and the Debtor shall make all payments that are due thereafter to Peoples Bank.  The Debtor shall make a final balloon payment on March 1, 2017 to Peoples Bank in an amount sufficient to satisfy in full the total remaining balance of the secured debt owed to Peoples Bank on March 1, 2017.

**Secured Creditors Paid from Insurance Proceeds:**  The following secured creditors shall be paid in the order of priority from the 2008 and 2009 tobacco insurance proceeds payable to the Debtor.  Each of the following secured claims, if allowed, shall be paid directly by the Great American Insurance Group, or by the Debtor should the aforementioned insurance proceeds be made payable to the debtor.  The Trustee shall not make any disbursements on the following claims unless any creditor not paid in full files a deficiency claim for any remaining balance owed such creditor.  Any remaining portion of the allowed claim not paid by the insurance proceeds shall be treated as a general unsecured claim.

| Creditor | Claim No. | Claim Amount | Secured Values | Source of Payment |
|---|---|---|---|---|
| Great American | N/A | $14,281.00 | $14,281.00 | Offset from 2008 and/or 2009 |

| Insurance Group | | (estimated) | (fully secured) | insurance proceeds payable by Great American Insurance Group |
|---|---|---|---|---|
| Tobaccorp, Inc. | 1 | $84,736.68 | $84,736.68 | 2008 and/or 2009 insurance proceeds payable by Great American Insurance Group |
| Southern States Flemingsburg Cooperative, Inc. | 10 | $117,751.45 | $117,751.45 | 2008 and/or 2009 insurance proceeds payable by Great American Insurance Group |
| Arch Johnson* | 15 | $75,000.00 (estimated) | $75,000.00 (estimated) | 2008 and/or 2009 insurance proceeds payable by Great American Insurance Group |
| Dutch Ishmael Chevrolet | 17 | $22,328.62 | $22,328.62 | 2009 Chevrolet Avalanche, 2008 and/or 2009 insurance proceeds payable by Great American Insurance Group |

**\*Claim has not been filed and Trustee will not make disbursements on any deficiency claim unless otherwise allowed by court order.**

Any remaining portion of an allowed claim not paid by the insurance proceeds shall be treated as a general unsecured claim with the following exceptions:

(1) The claim of Dutch Ishmael Chevrolet, Inc. is also secured by a 2009 Chevrolet Avalanche currently in the Debtor's possession. In the event payment is not received by Dutch Ishmael Chevrolet, Inc. from the above identified insurance proceeds for the full amount of Dutch Ishmael Chevrolet, Inc.'s allowed claim within ninety (90) days from the date of this Order confirming the Debtor's Chapter 12 plan, the automatic stay as to the 2009 Chevrolet Avalanche will be lifted and Dutch Ishmael Chevrolet, Inc. shall be allowed to exercise its state court remedies. Any deficiency amount owed to Dutch Ishmael Chevrolet, Inc. after payment of the applicable insurance proceeds and the application of any sale proceeds regarding the 2009 Chevrolet Avalanche, shall be treated as an unsecured claim upon the filing of a deficiency claim by Dutch Ishmael Chevrolet, Inc.; and

(2) Debtor reserves the right to object to the claim of Southern States Flemingsburg Cooperative, Inc. or to enter into an agreement with said creditor to adjust the claim amount and terms.

**Secured Creditors with Non-Fixed Payments:** The following secured creditors shall be paid pro-rata to the extent funds are available after payment of the Secured Creditors with Fixed Payments set forth above. Each of the following secured claims, if allowed, shall be paid through the Plan until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Creditor | Claim No. | Claim Amount | Secured Values | Interest Rate | Payment Amount | Frequency |
|---|---|---|---|---|---|---|
| NONE | | | | | | |

**Ad valorem Property Tax Claims:**  The following secured creditors holding property tax liens shall be paid pro-rata to the extent funds are available after payment of the Secured Creditors with Fixed Payments set forth above and concurrently with the Secured creditors with Non-Fixed Payments.  Each of the following secured claims, if allowed, shall be paid through the Plan until the secured value or the amount of the claim, whichever is less, has been paid in full.  If a property tax claim is secured via a certificate of delinquency, then that portion of the claim that is allowed interest at 12% per KRS 134.125 shall be calculated on the amount actually paid to the county clerk from the date the certificate of delinquency was purchased as is set forth in the column below titled Secured With 12% Interest.  Any remaining portion of the allowed claim shall be treated as a secured claim payable without interest.

| Creditor | Claim No. | Claim Amount | Secured With 12% Interest | Secured With No Interest |
|---|---|---|---|---|
| **Fleming County Sheriff*** | | | | |
| **Mason County Sheriff*** | | | | |

**\*Claim has not been filed and Trustee will not make disbursements on any ad valorem taxes due unless such claim is filed.**

**All Other Secured Claims.**  An allowed secured claim not provided for in the Plan shall be classified in a junior class of secured claims that will be paid through the Plan on a pro rata basis with all other allowed secured claims in the class. Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less, with interest at the WSJ Prime Rate on the date of confirmation or the date on which the proof of claim is filed, whichever is later, plus 2 percentage points.  Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims.

**Interest Payable on Secured Claims:**  Simple interest shall accrue on each secured claim per the secured values set forth in this Confirmation Order.  Interest shall accrue from the date of confirmation until paid in full, unless otherwise provided by court order.

**Administrative Claims:**  The following administrative creditors shall be paid pro-rata to the extent funds are available after payment of the sums due secured creditors to the extent funds are available. Administrative creditors shall be paid prior to payment of priority and general unsecured creditors below.

| Creditor | Claim No. | Claim Amount | Amount Allowed | Treatment Under Plan |
|---|---|---|---|---|
| **NONE** | | | | |

**Priority Claims:**  The following priority creditors shall be paid pro-rata, without interest, to the extent funds are available after payment of the sums due the aforementioned secured creditors.  Priority creditors shall be paid prior to payment of any unsecured creditors below.

| Creditor | Claim No. | Claim Amount | Amount Allowed | Treatment Under Plan |
|---|---|---|---|---|
| **NONE** | | | | |

6

**Separately Classified Unsecured Creditors:**  The following unsecured creditors shall be paid pro-rata, without interest, as set forth below to the extent funds are available after payment of the aforementioned secured, administrative and priority creditors.

| Creditor | Claim No. | Claim Amount | Amount Allowed | Treatment Under Plan |
|---|---|---|---|---|
| NONE | | | | |

**All Other Unsecured Creditors:**  All other creditors filing unsecured claims and those creditors with claims that have been bifurcated as partially unsecured, shall be paid to the greatest extent possible to extent funds are available after payment of all other creditors.

**Discharge:**  Upon the Debtor's compliance with the provisions of the Plan, as amended by this Confirmation Order, for the term of the Plan, the Court shall enter a discharge, which shall discharge the Debtor from all claims provided for in the Plan, as amended by this Confirmation Order, except any debt provided for under 11 U.S.C. § 1222(b)(5) or 1222(b)(9) or of the kind specified in 11 U.S.C. § 523(a).

**Other Provisions:**  The Debtor(s) shall turn over to the Trustee copies of all 1099 statements, W-2 statements, and year end pay advices by February 15th following each of the taxable years 2012 through 2014.  Further, all personal and business tax returns with all supporting schedules and forms shall be turned over to the Trustee no later than 15 days after the due date of such returns.

Any secured claim to be paid in terms longer than the term of the Plan shall retain its lien subject to all the terms of the agreements between the parties except as expressly modified by the Plan and this Confirmation Order.  The secured party need not release its security until all debts secured by that collateral have been paid.

The Debtor shall provide the Trustee with quarterly operating reports at the end of each calendar quarter.  Said reports shall be filed in a timely manner not to exceed thirty (30) days after the close of each calendar quarter.  A report shall be filed for the Debtor's personal financial accounts and affairs, including but not limited to, USA-KY, LLC, Larry Arrasmith, Inc. and any other entity wherein the Debtor has or obtains an ownership or beneficial interest.

The Debtor shall maintain insurance on all collateral of all secured creditors pursuant to the terms of the underlying agreements between the Debtor and each secured creditor until such time as the allowed claims of such secured creditors have been paid in full.

The automatic stay in this case, as it applied to the Debtor's residence located at 5616 24th Avenue, Palmetto, Florida (the "Residence"), has been terminated as to First America Bank's interest in the Residence [ECF No. 91].  In the event the Residence is sold prior to the entry of a final decree or order of the Court closing this case, First America or any other creditor holding a lien on the Residence may notify the Court and the Trustee of any deficiency amount and may file an unsecured deficiency claim within one (1) year of the date of entry of this Confirmation Order.

**HAVE SEEN AND AGREED:**

*Matt Sanning*

**Matt Sanning** per telephone authority 9/5/2012
Sanning & Sanning, P.S.C.
224 Main Street
Augusta, KY 41002
mattsanning@windstream.net

*Michael L. Baker*

**Michael L. Baker** per telephone authority 9/5/2012
Ziegler & Schneider, P.S.C.
541 Buttermilk Pike, Suite 500
P.O. Box 175710
Covington, KY 41017-5710
mbaker@zslaw.com

*Adam R. Kegley*

**Adam R. Kegley** per email authority 9/5/2012
Frost Brown Todd LLC
250 West Main Street, Suite 2800
Lexington, Kentucky 40507
mailto:akegley@fbtlaw.com

*Farrah W. Ingram*

**Farrah W. Ingram** per email authority 9/5/2012
White Peck Carrington, LLP
P.O. Box 950
Mt. Sterling, Kentucky 40353-0950
mailto:fingram@whitepeckcarrington.com

*Elizabeth Brown Alphin*

**Elizabeth Brown Alphin** per email authority 9/5/2012
Mapother & Mapother P.S.C.
815 W. Market Street, Suite 500
Louisville, KY 40202
EBA@mapother-atty.com

*L. Craig Kendrick*

**L. Craig Kendrick** per telephone authority 9/5/2012
7000 Houston Rd.
Building 300, Ste. 25
Florence, KY 41042
kylaw2@fuse.net

*Wesley Harned*

**Wesley Harned** per email authority 9/5/2012
DelCotto Law Group PLLC
200 North Upper Street
Lexington, KY 40507
mailto:wharned@dlgfirm.com

*Michael E. Litzinger*

**Michael E. Litzinger, Trustee**
1890 Star Shoot Parkway
Suite 170, PMB 111
Lexington, KY 40509
(859) 230-0728
litzingerlaw@yahoo.com

**Pursuant to Local Rule 9022-1(c), Michael E. Litzinger shall cause a copy of this order to be served on each of the parties designated to receive this order pursuant to Local Rule 9022-1(a) and shall file with the court a certificate of service of the order upon such parties within fourteen (14) days hereof.**

**Mailing Matrix**

| | | |
|---|---|---|
| **Larry W. Arrasmith**<br>7414 Taylor Mill Rd.<br>Maysville, KY 41056 | **Hon. Matt Sanning**<br>224 Main Street.<br>Augusta, KY 41002 | **John Daugherty**<br>Assistant U.S. Trustee<br>100 E. Vine St., Suite 500<br>Lexington, KY  40507 |
| **Michael L. Baker**<br>Ziegler & Schneider, P.S.C.<br>541 Buttermilk Pike, Suite 500<br>P.O. Box 175710<br>Covington, KY 41017-5710 | **Farrah W. Ingram**<br>White Peck Carrington, LLP<br>P.O. Box 950<br>Mt. Sterling, KY 40353-0950 | **Adam R. Kegley**<br>Frost Brown Todd LLC<br>250 West Main Street, Suite 2800<br>Lexington, Kentucky 40507 |
| **Angela A. Patrick**<br>Patrick, Leighton & Hall PLLC<br>25 W. Main St.<br>Mt. Sterling, Kentucky 40353 | **Jill Hall Rose**<br>Rose Law Offices<br>501 Darby Creek Rd., Ste. 47<br>Lexington, KY 40509 | Donnas Arrasmith<br>5616 24th Ave. East<br>Palmetto, FL 34221 |
| **Tobaccorp, Inc.**<br>**c/o Angela A. Patrick**<br>Patrick, Leighton & Hall PLLC<br>25 W. Main St.<br>Mt. Sterling, Kentucky 40353 | **Ag-wood, Inc.**<br>**c/o Angela A. Patrick**<br>Patrick, Leighton & Hall PLLC<br>25 W. Main St.<br>Mt. Sterling, Kentucky 40353 | **AGCO Finance LLC**<br>P.O. Box 2000<br>Johnston, IA 50131 |
| **FIA Card Services, N.A.**<br>PO Box 15102<br>Wilmington, DE 19886-5102 | **Quantum3 Group LLC**<br>as agent for Capio Partners LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | **First American Bank**<br>**c/o Mackey Law Group, P.A.**<br>1402 Third Avenue West<br>Bradenton, FL 34205 |
| **F.C.S. Properties, Inc.**<br>**c/o John Estill**<br>24 West 3rd Street<br>Maysville, KY 41056 | **Southern States Flemingsburg Coop, Inc.**<br>**c/o Jill Hall Rose**<br>501 Darby Creek Rd., Ste. 47<br>Lexington, KY 40509 | **All-Jersey Sales Corporation**<br>**Attn: Vickie J. White, Treasurer**<br>6486 East Main Street<br>Reynoldsburg, OH 43068-2362 |
| **F.C.S. Properties, Inc.**<br>6843 KY Hwy 11<br>Maysville, KY 41055 | **John Deere Financial, f.s.b.**<br>P.O. Box 6600<br>Johnston, IA 50131 | **Bank of Maysville**<br>20 West 2nd Street<br>Maysville, KY 41056 |
| **Peoples Bank of Kentucky, Inc.**<br>**c/o Adam R. Kegley, Esq.**<br>Frost Brown Todd LLC<br>250 West Main Street, suite 2800<br>Lexington, KY 40507 | **Hi Acres Stock Farm**<br>c/o George Gripshover<br>4142 Hwy 10<br>Dover, KY 41034 | **Dutch Ishmael Chevrolet**<br>c/o Farrah W. Ingram<br>P.O. Box 950<br>Mount Sterling, KY 40353 |
| **CEMEX Construction Materials Pacific, LLC**<br>c/o Neal A. Sivyer, Esq.<br>401 East Jackson Street, Suite 2225<br>Tampa, FL 33602 | **First Choice Greenhouses, LLC**<br>4083 Maysville Road<br>Mt. Sterling, KY 40353 | **Elizabeth Alphin**<br>Mapother & Mapother, P.S.C.<br>815 West Market Street, Suite 500<br>Louisville, KY  40202 |
| A.C. Donahue Esq.<br>P.O. Box 659<br>Somerset, KY 42502 | Hon. Sue Brammer<br>215 Stanley Reed Court<br>Maysville, KY 41056 | **Dutch Ishmael Chevrolet**<br>751 Indian MOund Drive<br>Mount Sterling, KY 40353 |

| | | |
|---|---|---|
| Fleming County Sheriff<br>115 West Main Street<br>Flemingsburg, KY 41041 | Gold Coast Door and Trim, Inc.<br>1935 18th St.<br>Sarasota, FL 34234 | Great American Insurance Group<br>P.O. Box 691190<br>Cincinnati, OH 45269-1190 |
| Louis Bramel<br>135 Elm St.<br>Aberdeen, OH 45101 | Mason County Attorney<br>24 W. Third Street<br>Maysville, KY 41056 | Mason County Sheriff<br>Sutton & Third STreet<br>Maysville, KY 41056 |
| Peoples Bank<br>P.O. 367<br>Flemingsburg, KY 41041-0367 | Regions Bank<br>c/o Lindsay Brown, Esq.<br>3185 South Conway Road, Ste. E.<br>Orlando, FL 32812 | Southern States Flemingsburg CoOp.<br>Co/ CSC Lawyers Inc. Service Co.<br>421 West Main Street<br>Frankfort, KY 40601 |
| TobacCorp, INC.<br>c/o Roger Williams Registered Agent<br>By Pass and Levy Rd.<br>Mount Sterling, KY 40353 | Arch Johnson<br>76 Mullins Rd.<br>Jackson, KY 41339 | Bank of America<br>P.O. Box 1758<br>Newark, NJ 07101 |
| Northstar Location Services, LLC<br>4285 Genessee Street<br>Buffalo, NY 14225-1943 | Billy Story<br>6640 Elizaville Rd.<br>Ewing, KY 41039 | Citgo/ SD South Dakota<br>P.O Box 6497<br>Sioux Falls, SD 57117 |
| Credit Protection Association<br>1355 Noel Rd., Suite 2100<br>Dallas, TX 75240 | Direct TV<br>P.O. Box 78626<br>Phoenix, AZ 85062-8626 | CBE Group<br>131 Towe Park Dr., Suite #1<br>Waterloo, IA 50702 |
| Farm Plan<br>8402 Excelsior Drive<br>P.O. Box 5328<br>Madison, WI 53705-0328 | First Bank<br>Co/ Marcadis & Associates<br>5104 South Westshore Boulevard<br>Tampa, FL 33611 | Gamache & Myers PC<br>1000 Camera Avenue, Suite A<br>Saint Louis, MO 63126 |
| Govin Rajan<br>4908 64th Drive West<br>Bradenton, FL 34207 | Hilltop Basic Resources<br>Location 00456<br>Cincinnati, OH 45264-0456 | John Deere Credit<br>P.O. Box 5327<br>Madison, WI 53705-0327 |
| Alliance One Receivables<br>Management<br>P.O. Box 3000<br>Southeastern, PA 19398-3100 | Kibler Lumber Do It Express<br>665 E. Main Street<br>P.O. Box 3730<br>Mount Orab, OH 45154 | Larry and Patricia Craig<br>225 Mount Sterling Lane<br>Mount Sterling, KY 40353 |
| Maria F. Pracht, Executrix of J. Pracht<br>Co/ Hon. Douglas T. Logsdon<br>201 East Main Street, Suite 1000<br>Lexington, KY 40507 | USA-KY, LLC<br>co/ Kimberly Leet Razor<br>105 N. Main Cross Street<br>Flemingsburg, KY 41041 | Meadowview Regional Medical Center<br>989 Medical Park Drive<br>Maysville, KY 41056 |
| West Asset Management<br>6190 Powers Ferry Rd. NW, Suite 475<br>Atlanta, GA 30339-3096 | Medical Business Bureau<br>P.O. Box 1219<br>Park Ridge, IL 60068-7219 | Point Emergency Physicians<br>Co/ Law Office of Mitchell Blu<br>2222 Texoma Pkwy<br>Suite 150<br>Sherman, TX 75091 |

| | | |
|---|---|---|
| Raymond Highfield<br>Box 16<br>Germantown, KY 41044 | Shamrock BP<br>6843 KY Hwy 11<br>Mayslick, KY 41055 | Shamrock BP<br>c/o Hon. John Estill<br>24 W. 3rd St.<br>Maysville, KY 41056 |
| Shell<br>P.O. Box 689151<br>Des Moines, IA 50368-9151 | Shell/Citibank<br>P.O. Box 15687<br>Wilmington, DE 19850-5687 | Southern States<br>P.O. Box 167<br>Flemingsburg, KY 41041-0167 |
| The Wells Group<br>P.O. Box 28<br>West Liberty, KY 41472 | True Neighbor of N. Middle<br>P.O. Box 30035<br>Tampa, FL 33630-3035 | **All other creditors and parties requesting electronic service** |

11

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
***Tracey N. Wise***
**Bankruptcy Judge**
**Dated: Thursday, September 06, 2012 (jms)**